**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Rhonda Walker

FILED
2013 APR 30 AM 11: 53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV-13-03018 RGK (MANx)

| | |
|---|---|
| RHONDA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE, LLC; AND, FULTON, FRIEDMAN & GULLACE, LLP<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///

COMPLAINT FOR DAMAGES                                PAGE 1 OF 7

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. RHONDA WALKER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ASSET ACCEPTANCE, LLC (individually as "Asset Acceptance" or collectively as "Defendants"); and, FULTON, FRIEDMAN & GULLACE, LLP (individually as "Fulton, Friedman & Gulace" or collectively as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Monrovia, County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Asset Acceptance is a company operating from the State of Michigan.

15. Plaintiff is informed and believes, and thereon alleges, that Fulton, Friedman & Gullace, LLP is a company operating from the State of Arizona.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

20. In or about 2009, Plaintiff allegedly incurred financial obligations to the original creditor, Citibank Mastercard, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(6).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether

or not this alleged debt was actually owed.

22. Subsequently, but before January 15, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Asset Acceptance for collection.

23. Thereafter, Defendant Asset Acceptance, a debt collector pursuant to the FDCPA, retained Defendant Fulton, Friedman & Gullace, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

24. Pursuant to the instructions of Defendant Asset Acceptance, Defendant Fulton, Friedman & Gullace initiated a lawsuit against Plaintiff entitled *Asset Acceptance, LLC v. Rhonda Walker* ("the State Action") on January 15, 2013 in an attempt to collect Plaintiff's alleged debt in the Superior Court of California, Pasadena Courthouse, court case no.: 13C00067.

25. Defendants also asserted that the Pasadena Courthouse was the proper Court to hear the matter because "[Plaintiff] lives here now."

26. Contrary to Defendants' statement made under the penalty of perjury, Plaintiff did not reside within the jurisdiction of the Pasaenda Courthouse at the time the lawsuit was filed nor did Plaintiff live at the address listed in Defendants' initial Complaint at the time the underlying State action was commenced.

27. Defendants initiated the underlying State action against Plaintiff, unrelated to real property, in a judicial district or similar legal entity that is outside the judicial district or similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendants violated 15 U.S.C. § 1692i.

28. Based upon Plaintiff's current address, the correct Court to hear the underlying State action was the Chatsworth Courthouse.

29. As a result of Defendants' illegal conduct, Plaintiff has incurred damages, including being forced to defend an action in an improper and inconvenient forum.

30. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

31. Defendants' false and deceptive conduct in filing the underlying State action against Plaintiff in such an improper and inconvenient forum constitutes a violation of 15 U.S.C. § 1692e(10).

32. Through this conduct, Defendants took actions against Plaintiff concerning the alleged debt in violation of the statute discussed above. Consequently, Defendants violated 15 U.S.C. §§ 1692e; 1692e(10); and, 1692i.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///
///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- any and all other relief that this Court deems just and proper.

Dated: April 17, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC
By: /s/ Matthew M. Loker
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 17, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC
By: /s/ Matthew M. Loker
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF